<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DARREN COMMANDER,

                            Plaintiff,

         v.

DETECTIVE CRAIG LARGMANN,
DETECTIVE TAMI SISK PARSLEY,
SCOTT SMITH, JAMIE SMITH,
LAUREN YOUMANS, JOHN DOES 1-10

                         Defendants.

**Civil Action No. 13-6222 (SRC)(CLW)**

**OPINION AND ORDER**

**CHESLER**, District Judge

       This matter comes before the Court upon Plaintiff Darren Commander's ("Commander")

motion for default judgment against Defendants Jamie Smith and Scott Smith, pursuant to

Federal Rule of Civil Procedure 55(b) [Docket Entry 33].  Defendant Scott Smith has opposed

the motion [Docket Entry 34], but Defendant Jamie Smith has not opposed the motion.  The

Court has considered the parties' submissions and proceeds to rule without oral argument,

pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court will

deny Commander's motion for entry of a default judgment against the Smiths.

       On or around February 23, 2012 at about 6:00 AM, Jamie Smith was hit by a black late-

model Mercedes-Benz in Bayonne, New Jersey, while on his way to join his brother Scott Smith

to carpool to work.  (Compl. ¶¶ 9-10, 13.)  Jamie Smith was dragged 75 feet by the Mercedes,

which caused him injuries.  (Compl. ¶ 13.)  Commander denies owning the Mercedes in

question, despite the fact that he is listed as the owner on the motor vehicle accident report.

(Compl. ¶ 18.)  Jamie Smith and Scott Smith provided statements to the police about the

encounter, both on the day of the accident and afterwards.  (Compl. ¶¶ 13, 15, 19, 20-21.)

Commander was arrested on charges related to this incident on April 17, 2012.  (Compl. ¶ 39.)

A jury convicted Commander of third-degree aggravated assault with a weapon (the car),

pursuant to N.J.S.A. 2C:12-1(b)(2), and the sentence was upheld on appeal.  *State v.

Commander*, 2015 WL 3948917, at *1 (N.J. Super. Ct. App. Div. June 30, 2015), *certif. denied*,

223 N.J. 557 (2015).

Commander filed a Complaint against Defendants on October 18, 2013, alleging that

Defendants had schemed to cause his false arrest and imprisonment under 42 U.S.C. § 1983

[Docket Entry 1].  Commander alleges various familial and marital relationships between the

Smiths and the other Defendants and involved parties, and also alleges that the Smiths sought to

obtain a money judgment from Commander due to their belief that he was wealthy.  (Compl. ¶¶

3, 12, 27, 35, 36.)  The Smith brothers initially failed to answer, and the Clerk entered a default

against the Smiths on January 13, 2014.  Jamie Smith subsequently answered on January 27,

2014 [Docket Entry 13], and Scott Smith answered on January 28, 2014 [Docket Entry 12].  The

parties proceeded forward with the litigation, but after the Smiths failed to appear at a status

conference before Magistrate Judge Cathy L. Waldor on January 22, 2016, Commander renewed

his request for a default before the Clerk, which was granted on January 27, 2016.  Commander

filed the instant motion on May 20, 2016 [Docket Entry 33].

Federal Rule of Civil Procedure 55(b)(2) authorizes the entry of a default judgment

against a party that has defaulted.  In the Third Circuit, "the entry of a default judgment is left

primarily to the discretion of the district court."  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d

Cir. 1984).  Before it enters default judgment, the district court must find that the Complaint's

factual allegations "constitute a legitimate cause of action."  *Chanel, Inc. v. Gordashevsky*, 558

2

F. Supp. 2d 532, 536 (D.N.J. 2008).  The court accepts as true the complaint's factual assertions,

except those pertaining to damages, which the movant must instead prove.  *Comdyne I, Inc. v.*

*Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of

his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of
> the United States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress. . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

secured by the Constitution or laws of the United States and, second, that the alleged deprivation

was committed or caused by a person acting under color of state law.  *West v. Atkins*, 487 U.S.

42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Commander alleges that the Smith brothers conspired to use the Bayonne police

department and detectives to obtain a money judgment from him, under the color of state law.

This allegation fails because the Smith brothers are immune from liability for damages under §

1983, due to their roles as trial witnesses against Commander.[1]  The Supreme Court has held that

trial witnesses sued under § 1983 are absolutely immune with respect to any claim related to the

witness's testimony.  *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983).  When a witness is sued

because of his testimony, "the claims of the individual must yield to the dictates of public

policy." *Id.* (quoting *Calkins v. Sumner*, 13 Wis. 193, 197 (1860)).  Furthermore, absolute

---

[1] In his opposition to this motion, Scott Smith notes that he testified in criminal court to the same statement he had
given to police on February 23, 2012 [Docket Entry 34].

3

immunity is essential to the truth-seeking process at trial, as witnesses without absolute immunity "might be reluctant to come forward to testify," or "might be inclined to shade his testimony in favor of the potential plaintiff" out of "fear of subsequent liability." *Id.* at 333.

Commander has been convicted on the charges related to the injuries Jamie Smith sustained from being dragged by a car, and that conviction has been upheld by the Appellate Division. *State v. Commander*, 2015 WL 3948917, at *1 (N.J. Super. Ct. App. Div. June 30, 2015), *cert. denied*, 223 N.J. 557 (2015). As the Smith brothers have absolute immunity for their testimony, it would be completely inappropriate for this Court to enter a default judgment against either of them in this action, and the Court will decline to do so.

For these reasons,

**IT IS** on this 8th day of July, 2016,

**ORDERED** that Plaintiff's motion for entry of default judgment against Jamie Smith and Scott Smith (Docket Entry No. 33), pursuant to Federal Rule of Civil Procedure 55(b)(2), be and hereby is **DENIED**.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  July 8, 2016

4