NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARREN COMMANDER,

                    Plaintiff,

v.

DETECTIVE CRAIG LARGMANN,
DETECTIVE TAMI SISK PARSLEY,
SCOTT SMITH, JAMIE SMITH,
LAUREN YOUMANS, JOHN DOES 1-10

                    Defendants.

Civil Action No. 13-6222 (SRC)(CLW)

OPINION

**CHESLER**, District Judge

This matter comes before the Court upon the motion for summary judgment by Defendants Craig Largmann ("Largmann") and Tami Sisk Parsley ("Parsley") [Docket Entry 43]. Plaintiff Darren Commander ("Commander") does not oppose the motion [Docket Entry 45]. Additionally, Plaintiff requests that the action against Defendants Scott Smith and Jamie Smith ("the Smiths" or "the Smith brothers") be voluntarily dismissed without prejudice [Docket Entry 45]. The Court has considered the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant summary judgment in favor of Defendants Largmann and Parsley. Additionally, the Court grants Plaintiff's request to voluntarily dismiss the action against Defendants Scott Smith and Jamie Smith without prejudice.

    **I.**      **BACKGROUND**

On or around February 23, 2012 at about 6:00 AM, Jamie Smith was hit by a black late-model Mercedes-Benz in Bayonne, New Jersey, while on his way to join his brother Scott Smith

1

to carpool to work. (Compl. ¶¶ 9-10, 13.) Jamie Smith was dragged 75 feet by the Mercedes, which caused him injuries. (Compl. ¶ 13.) Plaintiff Commander denies owning the Mercedes in question, despite the fact that he is listed as the owner on the motor vehicle accident report. (Compl. ¶ 18.) Jamie Smith and Scott Smith provided statements to the police about the encounter, both on the day of the accident and afterwards. (Compl. ¶¶ 13, 15, 19, 20-21.) Commander was arrested on charges related to this incident on April 17, 2012. (Compl. ¶ 39.) He was charged with aggravated assault, possession of a weapon for a unlawful purpose, and theft by unlawful taking. (Defs.' Br. at 7.) A jury convicted Commander of third-degree aggravated assault with a weapon (the car), pursuant to N.J.S.A. 2C:12-1(b)(2), and acquitted of the other charges. *State v. Commander*, 2015 WL 3948917, at *1 (N.J. Super. Ct. App. Div. June 30, 2015), *certif. denied*, 223 N.J. 557 (2015). The sentence was upheld on appeal. *Id.* The New Jersey Supreme Court rejected and denied Plaintiff's petition for certification, and the United States Supreme Court also denied his petition for certiorari. (Defs.' Br. at 9-10.)

Plaintiff Commander filed a Complaint against Defendants on October 18, 2013, alleging that Defendants had schemed to cause his false arrest and imprisonment under 42 U.S.C. § 1983 [Docket Entry 1]. His Complaint alleges that Defendants violated his due process rights, violated the New Jersey Civil Rights Act, falsely arrested him, engaged in a civil conspiracy, and maliciously prosecuted him. These claims are based on Commander's allegation that the Smiths and the other Defendants conspired to obtain a money judgment from Commander due to their belief that he was wealthy. (Compl. ¶¶ 3, 8-9, 12, 25, 27, 35, 36, 61, 69, 72-74, 76.) Now, Defendants Largmann and Parsley move for summary judgment.

The other Defendants, the Smith brothers, initially failed to answer, and the Clerk entered a default against the Smiths on January 13, 2014. Jamie Smith subsequently answered on

January 27, 2014 [Docket Entry 13], and Scott Smith answered on January 28, 2014 [Docket Entry 12]. The parties proceeded forward with the litigation, but after the Smiths failed to appear at a status conference before Magistrate Judge Cathy L. Waldor on January 22, 2016, Commander renewed his request for a default before the Clerk, which was granted on January 27, 2016. Commander then filed a motion for entry of default judgment against Jamie Smith and Scott Smith, which this Court denied on July 8, 2016. Now, Plaintiff requests to voluntarily dismiss the claims against the Smith brothers without prejudice.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991)).

"[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* FED. R. CIV. P. 56(e) (requiring the nonmoving party to "set out specific facts showing a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

## III. ANALYSIS

Defendants Largmann and Parsley argue that Plaintiff's claims against them are barred by the U.S. Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994). *Heck* held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [Section] 1983. [Emphasis in original].

*Id.* at 487. Moreover, a plaintiff cannot bring a malicious prosecution claim if his criminal conviction stands. *See Heck v. Humphrey,* 512 U.S. 477, 484 (1994).

Here, Commander has been convicted for third-degree aggravated assault with a weapon and that conviction has been upheld by the Appellate Division. *State v. Commander*, 2015 WL 3948917, at *1 (N.J. Super. Ct. App. Div. June 30, 2015), *cert. denied*, 223 N.J. 557 (2015). Plaintiff's claims in this civil suit are limited to malicious prosecution-type claims – he claims that there was a conspiracy to arrest and prosecute him. (Compl. ¶ 8, 9, 25, 61, 69, 72-74, 76.) Plaintiff relies on these facts in each of the Counts in the Complaint. (Compl. ¶ 61, 69, 72-74, 76.) But, since plaintiff has failed to prove that the criminal proceeding giving rise to his malicious prosecution claim concluded in his favor, he cannot pursue any of his malicious prosecution-type claims. *See Heck v. Humphrey,* 512 U.S. 477, 484 (1994).[1] Plaintiff concedes

---

[1] Moreover, any claim that is not barred by *Heck v. Humphrey* is barred by collateral estoppel. Under the common law doctrine of collateral estoppel, a defendant may not contest an issue in a civil suit that has been resolved in the Government's favor in a criminal prosecution, whether the defendant pled guilty or was convicted after a trial. *United States v. Killough*, 848 F.2d 1523, 1528 (11th Cir. 1988) (citation omitted). Because Commander was convicted, Plaintiff cannot now contest issues that were decided in the civil case.

that he has no basis upon which to oppose Defendant Largmann and Parsley's motion for summary judgment and thus the Court concludes that no genuine issues of material fact exist and this case can be decided as a matter of law. This Court therefore grants summary judgment.

### IV. VOLUNTARY DISMISSAL

As to Plaintiff's request that his claims against Defendants Scott Smith and Jamie Smith be dismissed voluntarily without prejudice, the Smith brothers have not commented, and thus this Court also grants that request.

### V. CONCLUSION

For the foregoing reasons, the Court will grant the Defendant Largmann and Parsley's motion for summary judgment. The Court will also grant Plaintiff's request to voluntarily dismiss his claims against Defendants Scott Smith and Jamie Smith without prejudice. An appropriate Order will be filed herewith.

    s/ Stanley R. Chesler

STANLEY R. CHESLER
United States District Judge

Dated: May 17, 2017